**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LEON C. CUMBERBATCH,

      Plaintiff,

v.                                 Case No. 8:25-cv-1703-TPB-CPT

CAPITAL ONE, N.A.,

      Defendant.

_____/

### ORDER GRANTING "DEFENDANT, CAPITAL ONE, N.A.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT"

This matter is before the Court on "Defendant, Capital One, N.A.'s, Motion to Dismiss First Amended Complaint," filed on September 16, 2025.  (Doc. 17). Plaintiff Leon Cumberbatch failed to file a response in opposition, and the time to do so has expired.  After reviewing the motion, court file, and the record, the Court finds as follows:

### Background

Plaintiff Leon C. Cumberbatch has sued Defendant Capital One under various theories arising from a billing dispute.  Plaintiff appears to claim that he entered into a contract for the issuance of an unsecured credit card on July 11, 2011.  He alleges that, although he tendered unspecified "lawful payment instruments" that were sufficient to satisfy the debt "around January 16, 2024," Defendant refused to accept the payment or payments.  Plaintiff alleges that

Defendant instead closed his credit card account, continued to report the account as past due, and assessed finance charges.

Plaintiff also alleges he "disputed portions of the balance and the allocation of payments," and he sent Defendant written billing error notices identifying the disputed amounts and requesting documentation from Defendant in September, October, and December 2024.  He alleges that Defendant failed to timely acknowledge and investigate the dispute or correct the errors.  He also alleges that Defendant "failed to provide complete periodic statements and disclosures while continuing to treat disputed amounts as due."

Plaintiff's original complaint asserted four federal claims, four claims under the Uniform Commercial Code, two claims under the Florida Deceptive and Unfair Trade Practices Act, a claim for breach of the duty of good faith and fair dealing, and a claim for unjust enrichment.  The Court granted Defendant's motion to dismiss because the complaint constituted a shotgun pleading and had other deficiencies, but granted Plaintiff leave to file an amended complaint.  (Doc. 11).

Plaintiff's amended complaint asserts claims under the Fair Credit Billing Act (Count I), the Truth in Lending Act ("TILA") and related regulations (Count II), a state law claim for breach of contract (Count III), and a state law claim for unjust enrichment (Count IV).  Defendant has moved to dismiss the amended complaint, arguing that it remains a shotgun pleading, fails to correct deficiencies identified the Court's previous dismissal order, and otherwise fails to sufficiently state any of the claims alleged.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018).

However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

While the amended complaint narrows Plaintiff's claims and asserts them in separate counts, it still "lacks factual allegations that would explain the context and basis" of his claims and "fail[s] to give . . . adequate notice of the causes of action being asserted . . . ." *See CNI Express, LLC v. BMO Harris Bank Nat'l Ass'n*, No: 8:23-cv-1577-CEH-JSS, 2023 WL 5758932, at *2 (M.D. Fla. Sept. 6, 2023).

The Court's prior Order directed Plaintiff to include in each count "specific factual allegations" showing that Plaintiff is entitled to relief on the claim asserted in that count. The individual counts in the amended complaint once again set forth only general and conclusory assertions. No "specific factual allegations" are set forth in each count and no other factual allegations set forth elsewhere in the amended complaint are incorporated by reference into the relevant count.[1]

---

[1] Each count must set forth, in sequentially numbered paragraphs, specific factual allegations sufficient to show all elements of the claim or cause of action asserted in that count. This may be done by setting out the necessary factual allegations in full in each count, or by incorporating into each count factual allegations set forth in other paragraphs of the complaint by reference to their respective paragraph numbers. Incorporation by reference necessarily requires that the allegations to be incorporated be set forth in numbered paragraphs. Plaintiff should set forth in each count or incorporate by reference into each count *only* those factual allegations required to establish entitlement to relief for the claim asserted in that count. Incorporation of irrelevant allegations or paragraphs, or incorporation of all the allegations in a preceding count or counts, would render the complaint an improper shotgun pleading and subject to dismissal.

As a result, none of Plaintiff's four counts states a claim on which relief can be granted. The amended complaint therefore must be dismissed on this ground. The Court will allow Plaintiff one final attempt to draft a complaint that complies with the foregoing directives and those set forth below. If he fails to do so, this action will be dismissed with prejudice.

In addition to the foregoing deficiencies, even if the allegations contained in the other sections of the amended complaint, including the Introduction and Factual Allegations sections, were to be properly set forth in the appropriate counts or incorporated by reference into the appropriate counts, which they are not, the amended complaint would still be insufficient.

**First**, some allegations refer to exhibits that are not attached to the pleading. As a result, these allegations are facially inaccurate and exhibits which might have provided clarity and specificity are missing. Any exhibits referenced in the allegations of the complaint should be attached to the complaint itself.

**Second**, the amended complaint alleges that Plaintiff tendered "lawful payment instruments." This suggests that Plaintiff has in mind some idiosyncratic definition as to what constitutes a "lawful" instrument and further continues to suggest a "sovereign citizen" approach that the Court's prior order expressly prohibited. To the extent Plaintiff asserts any claim based on the proposition that Plaintiff tendered lawful payment on the debt, thereby satisfying the debt in whole or in part, Plaintiff must specifically allege the actual form of any alleged tender, whether cash, check, or other recognized form of payment.

**Third**, the amended complaint fails to clarify the nature of the alleged billing error(s) and/or billing dispute(s).  Specifically, it is not clear whether all the alleged problems are based on the proposition that Plaintiff properly tendered complete payment, or whether the amended complaint's references to Plaintiff's disputing a "portion" of the debt and disputing the "allocation" of payments assert a different error or errors.  This must be clarified in any amended pleading.

**Fourth**, the amended complaint's reference to a failure to provide "complete" statements and disclosures suggests that Defendant may have provided *some* periodic statements, but that Plaintiff claims the statements were in some respect not "complete."  If that is the case, the pleading must make that clear and allege facts showing how they were not "complete," *i.e.*, what specific items of information required by 15 U.S.C. § 1637(b) the statements failed to include.  If, on the other hand, Plaintiff contends that Defendant provided no periodic statements at all, and that this constitutes a violation, then Plaintiff should so state.

**Fifth**, Count III of the amended complaint, asserting a breach of contract, states only that "Defendant breached the Customer Agreement by refusing lawful tender, failing to credit payments, failing to provide accurate statements, and failing to provide follow dispute resolution provisions."  This allegation is insufficient to state a claim for breach of contract for several reasons.  First, as discussed above, without any specific supporting factual allegations either set forth in the count or incorporated by reference, this count asserts only legal conclusions, not facts.   Moreover, even looking outside the count for support, Plaintiff's

allegations of tender are insufficient for the reasons set forth above.  Plaintiff also fails to allege which payment or payments Defendant failed to credit, or in what respect any statements Defendant provided were inaccurate.  In addition, the complaint fails to identify any agreement expressly requiring periodic statements or requiring that Defendant engage in a dispute resolution procedure.

**Sixth**, as to Plaintiff's unjust enrichment claim in Count IV, Plaintiff states only, "[i]n the alternative, Defendant retained funds, interest, and fees obtained unlawfully and in violation of equity."  As discussed above, this type of conclusory allegation, unsupported by specific factual allegations set forth in the count itself or incorporated by reference, is insufficient to state a claim for relief.

Defendant argues that the amended complaint alleges the existence of a valid contract and that the unjust enrichment claim is based on the contractual relationship Plaintiff had with Defendant.  Defendant is correct that generally there can be no unjust enrichment claim where a valid contract exists on the same subject.  However, Plaintiff's unjust enrichment claim is pleaded "in the alternative" in a separate count and incorporates by reference no other allegation.  Because the unjust enrichment count as pleaded does not assert the existence of a valid contract, Defendant's argument on this specific point is not well-taken at the motion to dismiss stage, although it may be appropriate to raise in a motion for summary judgment.

For all the foregoing reasons, the amended complaint is dismissed with leave to amend one final time.  If Plaintiff files a second amended complaint that fails to

remedy the deficiencies set forth in this Order, this action will be dismissed with prejudice.

### <u>Warning for Pro Se Litigant</u>

**The Court notes that even *pro se* plaintiffs must follow procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida.  Litigation - particularly in federal court - is difficult, and Plaintiff should consider hiring an attorney.  If he is unable to afford counsel, he should consider the resources available to *pro se* litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist *pro se* litigants proceeding in federal court, which is located on the Court's website.  The Court will not grant another opportunity to amend.**

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant, Capital One, N.A.'s, Motion to Dismiss First Amended Complaint" (Doc. 17) is **GRANTED** to the extent that Plaintiff's first amended complaint (Doc. 13) is **DISMISSED WITHOUT PREJUDICE**, as set forth herein, with leave to amend.

2. Plaintiff is directed to file a second amended complaint on or before March 16, 2026. Failure to file a second amended complaint as directed will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23d day of February, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE