**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LEON C. CUMBERBATCH,

      Plaintiff,

v.                                                              Case No. 8:25-cv-1703-TPB-CPT

CAPITAL ONE, N.A.,

      Defendant.

_____/

### ORDER GRANTING "DEFENDANT, CAPITAL ONE, N.A.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT"

This matter is before the Court on "Defendant, Capital One, N.A.'s, Motion to Dismiss Second Amended Complaint," filed on April 1, 2026. (Doc. 45). Plaintiff Leon Cumberbatch filed a response in opposition. (Doc. 47). Plaintiff also filed a motion to amend his complaint, which is opposed. (Docs. 46; 48). After reviewing the motions, responses, court file, and the record, the Court finds as follows:

### Background[1]

Plaintiff Leon C. Cumberbatch has sued Defendant Capital One under various theories arising from an alleged billing dispute. Plaintiff appears to claim that he opened a credit card account with Defendant on March 17, 2011, which was governed by a credit card agreement. Plaintiff claims that on November 26, 2024,

---

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

he sent Defendant a "written billing error notice pursuant to 15 U.S.C. § 1666, requesting a copy of the original signed credit card agreement[.]"  According to Plaintiff, Defendant responded on January 6, 2025, with a form letter that stated it could not fulfill his request through written correspondence, and Plaintiff would need to contact an agent by phone.  Plaintiff alleges that to date, Defendant has never provided Plaintiff with a copy of the original signed credit card agreement despite his repeated requests.  Plaintiff also alleges that after receiving Plaintiff's billing error notice, Defendant had a duty to but failed to conduct a reasonable investigation of the dispute, and that Defendant has continued furnishing information about the account to the credit reporting agencies.  Plaintiff claims that the inaccurate reporting has caused him to be denied credit, charged with higher interest rates, and subject to increased insurance premiums.

Plaintiff's original complaint asserted four federal claims, four claims under the Uniform Commercial Code, two claims under the Florida Deceptive and Unfair Trade Practices Act, a claim for breach of the duty of good faith and fair dealing, and a claim for unjust enrichment.  The Court granted Defendant's motion to dismiss because the complaint constituted a shotgun pleading and had other deficiencies, but granted Plaintiff leave to file an amended complaint.  (Doc. 11).

Plaintiff's amended complaint asserted claims under the Fair Credit Billing Act (Count I), the Truth in Lending Act ("TILA") and related regulations (Count II), a state law claim for breach of contract (Count III), and a state law claim for unjust enrichment (Count IV).   The Court granted Defendant's motion to dismiss, but again granted Plaintiff leave to file another amended complaint.  (Doc. 40).

Plaintiff's second amended complaint asserts claims under the Fair Credit Reporting Act (Count I), Fair Credit Billing Act (Count II), a breach of contract claim (Count III), and an unjust enrichment claim (Count IV).  Defendant has moved to dismiss the second amended complaint, arguing that it remains a shotgun pleading, fails to correct deficiencies identified the Court's previous dismissal order, and otherwise fails to sufficiently state any of the claims alleged.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face."  *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint.  *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995).  Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff."  *Id.*  (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case."  *Am. Int'l Specialty Lines Ins. Co. v. Mosaic*

*Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

<u>Analysis</u>

As an initial matter, the second amended complaint remains a shotgun pleading.  A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading."  *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996).  The Eleventh Circuit has identified four primary types of shotgun pleadings:

(1)   complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2)   complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3)   complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4)   complaints that assert multiple claims against multiple defendants without specifying which of the defendants are

> responsible for which actions or omissions, or which of the defendants the claim is brought against.

*See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).  The second amended complaint improperly contains multiple counts where each count adopts the allegations of all preceding counts (namely, Counts II, III, and IV).  For this reason alone, the second amended complaint is subject to dismissal.

Separate and apart from this pleading deficiency, Plaintiff fails to state any claims upon which relief may be granted.  As to Count I, Plaintiff does not allege that Defendant received notice of Plaintiff's alleged dispute from any credit reporting agency – instead, Plaintiff alleges that Defendant received notice of the dispute directly from Plaintiff.  The duty of a furnisher to investigate a dispute is triggered only after the furnisher receives notice of the dispute from a credit reporting agency, not the consumer.  *Manfredi v. Rocket Mortg., LLC*, No. 8:22-cv-2631-SDM-NHA, 2025 WL 703949, at *4 (M.D. Fla. Feb. 6, 2025) (Merryday, J.).  As to Count II, Plaintiff does not allege or identify any billing error – his grievance is that he did not receive a document he requested from Defendant.  As to Count III, Plaintiff does not identify any specific contractual provisions upon which his breach of contract claim is based, and the agreement itself does not provide that Defendant is required to provide Plaintiff with statements, documents, or the original signed credit card agreement requested by Plaintiff.  And as to Count IV, through his incorporation of preceding paragraphs, Plaintiff has alleged that the subject account is governed by a contract, thereby precluding his unjust enrichment claim.

As a result, none of Plaintiff's four counts states a claim on which relief can be granted.  The second amended complaint therefore must be dismissed, this time with prejudice as the Court has already given Plaintiff multiple opportunities to amend, and he has failed to cure the pleading defects previously identified.[2]

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant, Capital One, N.A.'s, Motion to Dismiss Second Amended Complaint" (Doc. 45) is **GRANTED**.

2. Plaintiff's "Motion for Leave to File Third Amended Complaint and Memorandum of Law in Support Thereof" (Doc. 46) is **DENIED**.

3. The second amended complaint (Doc. 42) is **DISMISSED WITH PREJUDICE**.

4. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of July, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Plaintiff's proposed third amended complaint, attached to his motion requesting leave to amend, is facially deficient.  He fails to state an FCRA claim as explained in the opposition to the motion to amend.